*Rogers*, 2 *Johns. Cases*, 488), and the sufficiency of the explanation presented a question of fact for the trial judge which this court cannot review (*Steele* agt. *Lord*, 70 *N. Y.*, 280–283).

The judgment appealed from should be affirmed.

All concur, except TRACY, J., absent.

---

## N. Y. COMMON PLEAS.

### GEORGE HUTSON *et al.* agt. THE MORRISANIA STEAMBOAT COMPANY.

*Promissory note — Domestic corporations — Code of Civil Procedure, section 1778 — Necessity of defendant serving with his answer copy of order of judge directing that the issues presented by the pleadings be tried — Effect of neglect to serve such order.*

In an action against a foreign or domestic corporation, to recover damages for the non-payment of a promissory note, &c.,  *  *  *  unless the defendant serves, as required by section 1778 of the Code of Civil Procedure, with a copy of his answer or demurrer, a copy of an order of a judge directing that the issues presented by the pleadings be tried, the plaintiff may take judgment as in case of default in pleading, at the expiration of twenty days after service of the complaint.

The service of a copy of such an order is not restricted to cases where the defendant's corporation has asked for and obtained an extension of time to answer or demur from this court, but it is necessary in all cases.

*General Term, November*, 1882.

*Before* VAN BRUNT, BEACH *and* DALY, *JJ.*

Four actions were commenced on promissory notes made by the defendants, a domestic corporation, created under the laws of the state of New York.

At the time of the service of the answers no order was obtained, under section 1778 of the Code, permitting the issues to be tried by a jury.

The plaintiffs moved for judgment for want of the required

Hutson *et al.* agt. Morrisania Steamboat Company.

order at a special term of the marine court, and the motions were granted, and the following opinion was delivered :

HAWES, *J.* — The allegation in the answer that there was some mistake in computation when the notes were made is clearly frivolous. The further allegation of payment, however, to the amount of $250, is an issuable fact, and although pleaded in an equivocal way is, I think, sufficiently definite to warrant its submission to a jury (*Strover* agt. *Ocean Ins. Co.*, 2 *Hilt.*, 475). Its falsity as a fact is not so decisive as to bring it within the decisions affecting sham answers. The defendant corporation, however, has not complied with section 1778 of the Code, requiring an order to be served with the answer. The plaintiff is entitled to judgment under that section ; and while I have no doubt that he could enter up his judgment without application to the court, yet I am not justified in declining jurisdiction in the interpretation of the statute, as it is new, and the practice under it is as yet undetermined.

The provisions of the Revised Statutes affecting this subject (*chap.* 8, *title* 4, *art.* 5, *sec.* 8), authorized the plaintiff in an action against a corporation founded on a note or other evidence of debt to apply to the court for judgment on the return day, and the court then rendered judgment in favor of plaintiff, unless it was made to appear that the corporation had a good and substantial defense on the merits. Section 1778 of the Code modifies this statute in conformity to the Code practice, and makes it incumbent on the defendant corporation to establish such *prima facie* proof of merits by procuring from the judge an order directing that the issues presented by the pleadings be tried, and in case such order is not obtained and served, the section provides that the plaintiff may enter up his judgment in the same manner and with like effect as if no answer had been served, and consequently no application to the court is necessary.

The provisions of section 1778 clearly intended to prevent

corporations from interposing dilatory pleas by compelling them to obtain from the court an adjudication of the meritoriousness of their defense, and when not obtained it virtually declares the answer a nullity, and directs plaintiff to take judgment with like effect in like manner, as in case of default in its service. An order will be entered directing judgment for the plaintiff in the four actions, but as plaintiff could have taken judgment without application to the court, no costs of these motions will be granted.

An appeal was taken to the general term of the marine court, and the judgments there affirmed in an opinion as follows:

NEHRBAS, *J.*— These actions are similar, all having been brought on promissory notes made by the defendants. The defendants being a corporation duly organized under the laws of the state of New York, had failed to serve a copy of an order of a judge, directing that the issue presented by the pleadings be tried, as required by section 1778 of the Code. Judgments were thereupon directed in favor of plaintiffs in each case.

It is not pretended that such an order was ever procured on defendants' behalf. Counsel insisted that the requisite of service of a copy of such an order only applies in cases where the defendant corporation has asked for and obtained an extension of time to answer or demur from the court. How the section referred to can be strained to admit of such an interpretation it is difficult to conceive. "In an action against a foreign or domestic corporation, to recover damages for the non-payment of a promissory note," &c., &c. "*In such an action*, unless the defendant serves, with a copy of his answer or demurrer, a copy of an order of a judge," &c., &c. What else can the words, "in such an action," refer to, but an action on a promissory note, so far as this appeal is concerned.

No relief can be afforded defendants on this appeal, inasmuch as it is absolutely without any merit.

Judgments in the four actions affirmed, with costs.

An appeal was taken to this court.

*T. C. Cronin,* for appellants.

*First.* The case in which the order is required by section 1778, is the one mentioned in the first paragraph, where the time to answer or demur has been extended. " In such an action," are the words of the Code in the second paragraph — that is, where the time to plead has been extended, an order for the trial of the issues must be obtained. (*a.*) This is the only reasonable view to take of the section. The time having been extended to demur or answer, then, on the examination of the motion papers and the delayed pleading, the order is required so as to prevent any further delays and to show good faith in obtaining the extended time. This is also obvious from the intent of the legislature to protect the plaintiffs, by requiring a notice of motion to extend the time to plead, and of course the affidavits stating and giving the grounds of application. (*b.*) The court will not presume that the legislature intended to deprive a defendant of the right to a trial, by jury or otherwise, where his pleadings present an issue of fact, and when he is asking for any favors of delay or otherwise. (*c.*) The eighth section of the Revised Statutes (2 *R. S.*, 458) protects the rights of the parties, as it requires papers and facts to be acted on in granting or refusing, and thus preserve the right of appeal, and requires only that the pleading shall be a good one — that is, it presents a defense. If the trial is refused, an appeal has a basis. In this case, it is conceded that the answer presents the good defense of part payment.

*Second.* The construction now claimed of section 1778 by the respondent deprives the defendant of a constitutional right — that is, of the same and equal rights in the courts of other defendants, who may present good defenses in their

pleadings and the right of appeal where a trial and hearing is denied. (*d.*) The legislature did not intend to place arbitrarily the power absolute and unconditional upon a judge to grant or refuse a trial to a party, and thus tyrannically depriving him of all rights, not of a hearing alone, but of appeal also. Upon what shall the judge direct the issues presented by the pleadings to be tried? Shall it be on his own unguided will, on his own whim and caprice? What papers are to be before him? He has nothing but the pleadings, according to the respondent's construction. He can refuse orally. No appeal can lie from the oral refusal. It's much more reasonable to believe that the legislature intended that in the cases only where the time to plead had been extended on motion. Then the court can see by the examination of the motion papers that the party has rights to protect or not, and review the action of the judge. Then the court has a record before it to exercise the judgment of discretion on, as under the Revised Statutes. (*e.*) By the respondent's construction, the most unreasonable practice is claimed, depriving parties of absolute rights and the most intolerable and destructive of the rights most sacred to parties. Without requiring the slightest ground of statement, affidavit, examination or other judicial act, the unrestricted, undefined and absolute right is given a judge to prevent the sworn issues of a pleading from being tried, however good the defense. No appeal can lie from the refusal order; no foundation is laid for it by the Code, and no requirements of statement, oral or written, are suggested even. (*f.*) It's absurd to say that such a construction will be placed on the section, when the reasonable one of connecting both paragraphs together gives the record to act upon, and the right of appeal, founded on the record and open to review, and gives every step of consistent practice which preserves the rights of parties (*Wayland* agt. *Tysen*, 45 *N. Y.*, 281).

*Third.* If no other reason existed for appellant's views, the one taken by the respondent in the first point on this appeal

ought to be sufficient to sustain the appellants. (*g.*) There it is now gravely claimed, that as no order for the gracious privilege of a trial was obtained, though issues by pleadings were made, and although a motion is made and heard on affidavits and an order and judgment granted on the opposed order of the court, yet, that the judgments are by default, and cannot be appealed from under section 1294 of the Code. The statement is enough, and answers fully the consequences of so bold and unreasonable a construction of section 1778, as respondents claim.

*Fourth.* The affidavits show the defendants have a good defense. (*a.*) Now in order to save the plaintiff's order, they claim that the motion denied them ought to have been granted, that is, for judgment on a sham answer; and that the judgment is by default, and the order is not appealable though granted on a long contest in the court below on pleadings and affidavits. Verily the days of legal wonders have not ceased with the new Code. The order for judgment should be reversed, and the judgment also. The cases should be tried before a jury, and then the rights of parties can be protected. (*b.*) Suppose the court should refuse to grant an order for a trial to be served with the answer, what will the defendant appeal from? There is no order to appeal from. There is no method of bringing the question up for review. How can a remedy be given? What's the remedy? *Mandamus,* or prohibition? What shall constitute the papers on appeal? Shall the oral refusal of the judge applied to for the order? How is the entry of judgment to be prevented, and the destruction of corporate rights that follow it, and the execution? There is but one remedy; there is but one solution of the absurd position of the respondent's construction. It has been stated. That is, make the affidavits on motion for the extended time the grounds of appeal. In such cases where the time has been extended, the court's relief from the rather obscurely worded section 1778 will follow.

· *James McKeen*, for respondents.

*First.* The section is not unconstitutional. (*a.*) Corporations being creations of legislation, special regulations as to the conduct of suits by and against them, always have been, and must be proper and necessary. Their right to sue, and their subjection to being sued, is in no way impaired by such special regulations. (*b.*) The provisions of section 1778 are enacted as a substitute for similar requirements in the Revised Statutes (2 *R. S.*, *page* 458, *secs.* 8, 9 *and* 10). Section 8 authorized the plaintiff in such action to apply for judgment on the return day of process; and section 9 provided: "On such application, the court shall render judgment for the plaintiff as by default, either interlocutory or final, or both, as the case may require, unless it shall satisfactorily appear to such court that such corporation has a good and substantial defense upon the merits, which shall be disclosed by affidavit." (*c.*) Defendants have no " vested right " in any special method of defense. It is unquestionably in the power of the legislature to make radical changes in procedure. But, in point of fact, in these cases all the notes were made after section 1778 had become law. Nothing in the section, therefore, operates upon any pre-existing *status*, so far as these defendants are concerned. (*d.*) This section differs from the Revised Statutes in requiring a preliminary censorship of the plea by a judge. No power, directly or by any implication, is conferred on the judge arbitrarily to deprive the defendants of a trial. If he should err by refusing an order the refusal would be remediable like other judicial errors. In these actions there has been no refusal. No exception to any such ruling is in the records. The defendants are here on naked appeals from judgments. (*e.*) The hypothetical suggestions of the wrong which might be done by an arbitrary and obstinate judge are out of place. In any case it might be as well claimed that the power of the court to order nonsuit or to direct a verdict deprive parties of jury trial. The conferring of such powers and the imposition of such requirement

to save default, are constitutional, even where conferred and imposed subsequent to the constitutional guaranty (*Hunt* agt. *Lucas*, 99 *Mass.*, 404). This was a case in which a statute is sustained, which was passed after the adoption of the Massachusetts Constitution, and which authorizes a judgment by default, notwithstanding a good plea, unless a prescribed affidavit of merits be filed (*Naugatuck R. R. Co.* agt. *Waterbury Button Co.*, 24 *Conn.*, 468). In this case power to nonsuit had been enlarged by a subsequent statute. Assuming, for purposes of argument, that the issue made by the answers was such as to entitle the defendants to trial, it is not the statute which has deprived them of that right, but their own failure to comply with it.

*Second.* The answers are frivolous and sham. No meritorious defense is disclosed by the answers or the defendants' affidavits. (*a.*) We concede the difficulty of getting summary judgment on these grounds since the decisions of the court of appeals (*Wayland* agt. *Tysen*, 45 *N. Y.*, 181, and *Thompson* agt. *Erie R. R. Co.*, *Id.*, 468). The frivolousness must be apparent, without argument, on a bare inspection. This is true of these answers, unless as to the alleged part payment (*Manuf. Nat. Bank of Amsterdam* agt. *Russell*, 6 *Hun*, 375). There is no general denial in the plea. The court of appeals cases (*supra*) only held that a general denial to all or part of a complaint cannot be disposed of without a trial. They leave unchanged the doctrine that an affirmative defense may be struck out, if sham (*People* agt. *McCombe*, 18 *N. Y.*, 315, 324). And where a defense, as here, is alleged "on information and belief," it may be struck out (*Kay* agt. *Whittaker*, 44 *N. Y.*, 565, 573 ; *and see Newberger* agt. *Webb*, 24 *Hun*, 349). The plea is utterly defective. "The defendant, in answer to the complaint herein, says that they deny that the said note in said complaint is due and unpaid, and allege that the same has been paid in part, and that the sum of $250 or thereabouts has been paid thereon, as said defendants are informed and believe,

and charges the same to be true." And this is sought to be verified by a man who swears he is treasurer of the corporation. Moreover, what he refers to in his affidavit is the "foregoing complaint." This may have been a clerical error, but it is the kind of error which would be a convenient shelter in the event of a prosecution for perjury, such as judge GROVER in *Wayland* agt. *Tysen* (*supra*) advised should be instituted against those who verify false pleas. The same observation applies to the expression "says that they deny." A deponent cannot be convicted of perjury by such a form of denial (*People* agt. *Christopher*, 4 *Hun*, 85). The defendants had ample time to amend their answer, but never availed themselves of their right.

*Third.* The wisdom or expediency of the legislation embodied in section 1778 may be questioned, without affecting the constitutionality. The nature of the efforts made by this corporation to delay payment of its notes is an argument in favor of the wisdom of such provisions.

The opinion by BEACH, J., affirmed the judgment on the grounds stated in the opinion in the courts below.

A motion was made for leave to appeal to the court of appeals at the January general term of this court, 1883, and denied.

---

## SUPREME COURT.

SAMUEL WEEKS *et al.* agt. JACOB WEEKS CORNWELL *et al.*

*Will—Distribution under, impracticable and uncertain— When subject of trust attempted to be created, too indefinite to be enforced, and trust should be declared void.*

The testator, who left no children, gave certain real and personal estate to his widow (who has since died) in lieu of dower, in which was included an estate for life in four houses in Fifth avenue. With the exception of four specific devises in fee, he devised certain portions of his estate to his executors for the use of various persons designated, during their respective lives, with a remainder in fee as to each portion.